UNITED STATES of America, Plaintiff–Appellee,

v.

Frederic Emanuel SCOTT, Defendant–Appellant.

No. 07–30377.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2009.*

Filed Jan. 28, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Leif Johnson, James Edmund Seykora, Esquire, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Chad Wright, Esquire, Helena, MT, for Defendant–Appellant.

Frederic Emanuel Scott, Big Spring, TX, pro se.

Before: REAVLEY,** and Senior Circuit Judge. TALLMAN and M. SMITH, Circuit Judges.

## MEMORANDUM ***

Frederic Emanuel Scott appeals his conviction for unlawfully using or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

For the following reasons, we AFFIRM the district court's judgment:

1. We find no violation of FED.R.EVID. 704. An expert witness generally may offer an opinion on an ultimate issue to be decided by the jury, provided he does not opine directly on the ultimate issue of the defendant's mental state. *See United States v. Freeman*, 498 F.3d 893, 906 (9th Cir.2007); FED.R.EVID. 704(b). Special Agent James Huskey offered no opinion on Scott's mental state when Scott traded the weapon for cocaine. Instead, Huskey's testimony demonstrated how the weapon could be readily "converted to expel a projectile by the action of an explosive," thereby meeting the definition of a "firearm." *See* 18 U.S.C. § 921(a)(3). Furthermore, because at least one other witness also testified that he was easily able to convert the weapon to an operable state, Huskey's testimony was harmless even if erroneously admitted. *See United States v. Wang*, 49 F.3d 502, 504 (9th Cir.1995). To the extent Scott argues that Huskey's reading of the statute was improper, Scott did not object to this portion of Huskey's testimony. We find no plain error as Scott's substantial rights were not affected. Scott does not contend that the agent gave an incorrect definition, and we note that the district court correctly instructed the jury.

2. We also find no merit to Scott's argument that the Government violated FED.R.EVID. 404(b) by calling witnesses to testify about his prior cocaine transactions. The testimony concerned the witnesses' cocaine transactions with Scott and/or Steve Berg, some of which occurred when both men were present.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36–3.

The testimony tended to show a close association between Scott and Berg, as well as their heavy involvement in the drug trade. Although one of the witnesses, Julian Mathis, did not link Scott with Berg, his testimony further showed Scott's involvement in cocaine dealing. As Scott denied an expectation of receiving cocaine from Berg in return for the firearm, the evidence tended to refute Scott and permit the jury to infer his true intent. *See United States v. Howell*, 231 F.3d 615, 628 (9th Cir.2000). Furthermore, the district court gave a proper limiting instruction to the jury, which is a factor weighing in favor of admission of the evidence. *See United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir.1998). We see no abuse of discretion by the district court.

AFFIRMED.